**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JOHN R. KICHLER,

    Plaintiff,

v.

WIELAND INTERNATIONAL,
NAVISTAR FINANCIAL CORP.,

    Defendants.
    _____/

CASE NO. 07-CV-15293

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Procedural Background**

Plaintiff John Kichler, proceeding *pro se*, originally filed this diversity action alleging breach of contract, fraud, misrepresentation and conspiracy on May 24, 2007, in the United States District Court for the Western District of Pennsylvania. It was transferred to this Court on December 12, 2007, and referred to the undersigned for pretrial case management by U.S. District Judge Thomas L. Ludington on January 2, 2008.

Defendants each filed motions for a more definite statement, asserting that Plaintiff had failed to plead with sufficient particularity his alleged claims of fraud and conspiracy, and that his other claims are were vague and ambiguous that they were unable to frame an answer. (Dkt. 3 ¶¶ 7, 9; Dkt. 7 at 5.) In response to these motions, Plaintiff filed a motion seeking leave to file an amended complaint, stating that the defects cited by Defendants were "remediable via an Amended pleading which supplies more facts and connects the dots." (Dkt. 10 ¶ 4.) Thus, the Court granted the motions on April 23, 2008, and ordered Plaintiff to file his amended complaint no later than May 21, 2008. The deadline passed more than a week ago, and Plaintiff has failed to comply with the Court's order.

**B.     Discussion**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)). "Not only

may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff failed to comply with the Court's "readily-comprehendible" deadline for filing an amended complaint and did not request and extension or otherwise communicate with the Court. Therefore, I find that he has failed to actively pursue the litigation that he initiated, and recommend that the case be *sua sponte* dismissed for failure to prosecute.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(C). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all

3

the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                     s/ *Charles E Binder*
                                                     CHARLES E. BINDER
Dated: May 30, 2008                             United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Leonora Baughman and Derek Witte, served by first class mail on John R. Kichler at 162 Old Soap Hollow Rd., Johnstown, PA, 15905-8017, and served on District Judge Ludington in the traditional manner.

Date: May 30, 2008                              By     s/Jean L. Broucek
                                                                   Case Manager to Magistrate Judge Binder